**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES W. LLOYD,	Case No. 1:13-cv-32

       Plaintiff,	Barrett, J.
	Bowman, M.J.

  v.

YRC FREIGHT-CINTI,

       Defendant.

## REPORT AND RECOMMENDATION

On January 25, 2013, Plaintiff filed a *pro se* complaint against his former employer, identified as Defendant "YRC Freight-Cinti," alleging that he was discharged in violation of 42 U.S.C. §2000e-5(f)(1) in violation of his civil rights after 27 years of employment with that company. (Doc. 2, 3). After granting Plaintiff leave to proceed *in forma pauperis*, the undersigned directed the United States Marshal to serve the Defendant as directed by the Plaintiff.

The summons form completed by Plaintiff indicates that service was to be made on "YRC Freight – Cincinnati, 10074 Princeton-Glendale 747 Cinti., OH 45246," at the same street address identified on the EEOC's Notice of Rights form. In contrast to the summons form, the EEOC Notice was addressed to the company's "Human Relations Director." On July 23, 2013, a "track and confirm" receipt from the U.S. Postal Service was docketed, reflecting service by mail of the summons and complaint on March 13, 2013. (Doc. 5). Based upon that date of service, the answer to the complaint would

1

have been due on or before April 3, 2013, but no answer or responsive pleading was received.

By Order dated July 29, 2013, the Court noted that lack of response, but also noted that the summons form completed by the *pro se* Plaintiff appeared to be facially defective, because it was not addressed to any individual who may be an officer or agent of the corporate defendant. Therefore, the undersigned determined that it was "unlikely that service has been properly perfected." (Doc. 6). In addition, the Court reasoned that "Plaintiff himself has taken no further steps to prosecute this case in the six months since initiating suit." (*Id.* at 4). In light of the requirement of Rule 4(m) of the Federal Rules of Civil Procedure that service on a defendant be completed "within 120 days after the complaint is filed," and the apparent failure of effective service, the undersigned granted Plaintiff additional time, but directed him to complete and return to this Court "[o]n or before **August 20, 2013** …a copy of a new summons form, identifying by name or by title the person or persons at "YRC Freight Cincinnati" on whom service is sought." (*Id.*) Last, the Court expressly warned: "If Plaintiff fails to timely submit a new summons form to the Clerk of Court, ….his case may be dismissed for failure to comply with this order, for failure to timely perfect service, and/or for failure to prosecute." (*Id.*).

Plaintiff has failed to timely respond to the Court's last order and his time for doing so has now expired. Plaintiff was previously notified that if he failed to respond by August 20, his case may be dismissed. The record reflects that Plaintiff acknowledged receipt of the Court's last order on July 31, 2013. (Doc. 7). Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's case be **DISMISSED** for failure to timely

comply with the Court's order, for failure to timely perfect service, and for failure to prosecute. In light of the recommended dismissal of Plaintiff's complaint, this case should be CLOSED.

                                                      *s/Stephanie K. Bowman*
                                                      Stephanie K. Bowman
                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES W. LLOYD,                          Case No. 1:13-cv-32

      Plaintiff,                              Barrett, J.
                                                  Bowman, M.J.

   v.

YRC FREIGHT-CINTI,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).